1  Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
2  rprieto@eeoc.net
   SHELLIST | LAZARZ | SLOBIN LLP
3  11 Greenway Plaza, Suite 1515
   Houston, Texas 77046
4  Telephone: (713) 621-2277
   Facsimile: (713) 621-0993
5
   Melinda Arbuckle (Cal. Bar No. 302723)
6  marbuckle@eeoc.net
   SHELLIST | LAZARZ | SLOBIN LLP
7  5670 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90036
8  Telephone: (713) 621-2277
   Facsimile: (713) 621-0993

9  *Counsel for Plaintiff and Proposed Class and Collective Action Members*

10          **UNITED STATES DISTRICT COURT**
11          **CENTRAL DISTRICT OF CALIFORNIA**
                 **WESTERN DIVISION**

| | |
|---|---|
| 12  Patricia Bobbs, on behalf of herself and all others similarly situated, | **Case No. _ 2:21-cv-07135** |
| 13 | **COMPLAINT FOR VIOLATIONS OF** |
| 14          Plaintiff, | **FLSA AND CALIFORNIA STATE LAW** |
| 15          v. | |
| 16  Carter Insurance Claims Services, Inc., | **COLLECTIVE ACTION AND CLASS ACTION** |
| 17          Defendant. | **DEMAND FOR JURY TRIAL** |

18          Plaintiff Patricia Bobbs ("Plaintiff" and/or "Bobbs"), on behalf of herself and all

19  others similarly situated, hereby files this Complaint against Defendant Carter Insurance

20  Claims Services, Inc. ("CICS" and/or "Defendant"), showing in support as follows:

21

22

23

24

## I.   INTRODUCTION AND NATURE OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.      This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order, Cal. Labor Code § 2802 (Failure to Reimburse for Necessary Expenditures); Cal. Labor Code §§ 510, 1194, 1771, and 1774 (Overtime Provisions); Cal. Labor Code § 226 (Wage Statement Provisions); Cal. Labor Code §§ 226, 1174, and 1174.5 (Record Keeping); and Cal. Labor Code §§ 201, 202, and 203 (Wage Payment Provisions) (collectively, "California State Law") for Defendant's violations of California State Law.

3.      According to its website, Defendant CICS investigates claims, evaluates the facts, and makes recommendations on daily and catastrophic field claim assignments in Arizona, California, Mississippi, Nevada, Oregon and Washington.[1]  Defendant hires adjusters to investigate claims on behalf of its customers.

4.      Plaintiff was an hourly-paid, non-exempt adjuster employee of Defendant who handled field inspections of catastrophic property damage.  Plaintiff and similarly situated adjusters were paid for their work by the hour. When they worked over eight hours in a day and/or forty hours in a workweek, which happened frequently, Plaintiff and similarly situated adjusters were eligible to receive overtime wages. However, Defendant did not pay Plaintiff

---

[1]   Carter Insurance Claims Services, Inc., *Home*, https://carterclaims.com/, last accessed August 29, 2021.

and other similarly situated adjusters for all overtime hours worked, as defined under the FLSA and California labor laws.

5.     Defendant's policies and/or practices with regard to Plaintiff and similarly situated adjusters violated the FLSA and California labor laws.  Defendant typically required its adjuster employees to work more than eight hours in a day and/or forty hours in a workweek, without proper overtime pay in violation of FLSA's overtime provisions under 29 U.S.C. § 207, and related California labor laws.

6.     As a result of Defendant's policies and/or practices with regard to overtime, Defendant failed to pay Plaintiff and the putative California Class Action Members all wages due to them during their employment with Defendant and at the time of their separation from the company. Defendant also failed to provide the California Class Members with accurate, itemized wage statements in violation of Cal. Labor Code § 226.  Finally, Defendant failed to reimburse the Plaintiff and putative California Class Action Members for expenses related to completing work for Defendant.

7.     Plaintiff seeks all damages available under federal and California law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which she may be entitled.

## II.     THE PARTIES

**A.     Plaintiff Patricia Bobbs**

8.     Bobbs is an individual currently residing in Pennington County, South Dakota. She has standing to file this lawsuit.

9.      Bobbs was an adjuster employee of Defendant who worked in the field in Santa Barbara County, California.  She was employed beginning on or about December 2017 through approximately February 2019.

10.     Bobbs' consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit 1.

**B.      Putative California Class Action Members**

11.     Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks to represent three (3) proposed classes of California Class Action Members composed of and defined as follows:

All current and former non-exempt, hourly-paid adjuster employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were:

Denied overtime compensation for all hours worked over forty in each seven day workweek and whose wage statements were consequently inaccurate in violation of California Law (the putative "Unpaid Overtime Class Members");

Denied reimbursement for expenditures that were necessary to carry out job duties for Defendant (the putative "Unreimbursed Expenses Class Members"); and

Denied all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

12.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

13.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**C.      Putative Collective Action Members**

14.      Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid adjuster employees who worked for Defendant nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring employees to work in excess of eight hours in a day and/or forty hours in a workweek without proper overtime compensation.

15.      Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

16.      Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**D.      Defendant Carter Insurance Claims Services, Inc.**

17.      Defendant Carter Insurance Claims Services, Inc. is a corporation organized under the laws of the state of Mississippi that does business in California. Its principal place of business, as listed with the California Secretary of State is 1883 CR 478; Myrtle, MS 38650.

18.      Defendant CICS may be served with process through its registered agent, Michael A. Hale, located at 17742 Irvine Boulevard #102, Tustin, California 92780.

19.      At all times relevant to this lawsuit, CICS has been an "enterprise engaged in commerce" as defined by the FLSA.

20.     At all times relevant to this lawsuit, CICS employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

21.     At all times relevant to this lawsuit, CICS has had gross operating revenues or business volume in excess of $500,000.

## III.     JURISDICTION AND VENUE

22.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

23.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

24.     The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

25.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV.     FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

26.     Plaintiff worked for Defendant as a non-exempt, hourly-paid adjuster employee, providing field inspection services on behalf of Defendant's customers. Specifically, Plaintiff collected data, assessed property losses, and made recommendations as to coverage on the property damage caused by the December 2017 wildfires and subsequent mudslides in Santa Barbara County, California.

27.     Defendant employs thousands of adjuster employees across the country, many of whom work in the State of California.

28.     All of the putative Class and Collective Action Members were similarly classified as non-exempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiff.

29.     Plaintiff worked for Defendant beginning on or about December 2017 through approximately February 2019.

30.     For virtually all workweeks, Plaintiff worked more than forty hours in those workweeks, or more than eight hours in any given workday.

31.     Plaintiff did not receive all of the compensation she was entitled to when she was required to work over forty hours in a given workweek or over eight hours in a specific day for Defendant because Defendant frequently refused to pay her proper overtime wages for all assigned work, which resulted in and required over eight hours of work in a day, often leaving up to seven (7) hours per day or more of undercompensated and/or uncompensated overtime wages.

32.     Plaintiff typically worked 15-hour days, seven days per week, totaling105 hours worked each seven-day workweek.  Plaintiff was required to track the work activities she performed for each claim assigned to her on a spreadsheet entitled Service Activity Reports ("SAR"). Based on these reports to Defendant, Defendant knew or should have known that Plaintiff was working significant overtime hours to complete the field inspections assigned to her. Defendant's formal policy and/or practice was that Plaintiff and other similarly situated employees only be compensated for overtime worked at their regular rates

of pay, notwithstanding all overtime work performed and Defendant's actual and/or constructive knowledge of said work.  Plaintiff's regular rate of pay was $60.00 an hour.

33.     When Plaintiff and similarly situated adjusters worked over forty hours in a workweek or more than eight hours in a day, which happened frequently, they were eligible to receive overtime wages. Because she and the putative class and collective action members are hourly paid, no exemptions from overtime pay can apply. Defendant's failure to fully compensate Plaintiff and similarly situated adjusters for all work they performed resulted in overtime violations.

34.     On average, Plaintiff earned 105 hours of pay at her regular rate of pay of $60.00 per hour, totaling $6,300 per week.  Defendant did not compensate Plaintiff for her premium overtime pay worked under the FLSA and California law, nor did her compensation include double time pay required under California law.

35.     For instance, Plaintiff frequently worked more than twelve hours per day and worked in excess of eight hours on the seventh consecutive day of work in a workweek.  On average, Plaintiff worked 15 hours per day for seven consecutive days.  Under the applicable provisions of the California Labor Code[2], on average, Plaintiff would have been entitled to 7

---

[2] California Department of Industrial Relations, *Overtime*, https://www.dir.ca.gov/dlse/faq_overtime.htm, last accessed July 19, 2021.

An employee who works beyond eight hours in any workday or more than six days in any workweek must be compensated as follows under California state law:

1.  One and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and

2.  Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

hours of overtime each day, with 3 hours of that being due at an overtime rate of double her regular rate of pay. Accordingly, for a single day, Plaintiff is owed additional overtime pay totaling $300.00; 4 hours at her standard time and one-half overtime rate of $90.00/hour and 3 hours at her double overtime rate of $120.00/hour, less the $420.00 that was typically paid to Plaintiff for 7 hours of actual overtime work in a single day at her regular rate of $60.00/hour.

36.     Additionally, on the seventh consecutive day of work in a workweek, Plaintiff was entitled to eight hours of overtime pay at time and one-half her regular rate of pay, plus twice her regular rate of pay for any hours worked in excess of eight hours. Accordingly, for the seventh consecutive workday alone, Plaintiff is owed additional overtime pay totaling $660.00; 8 hours at her standard time and one-half overtime rate of $90.00/hour and 7 hours at her double overtime rate of $120.00/hour, less the $900.00 that was typically paid to Plaintiff for actual overtime work completed on her seventh consecutive workday at her regular rate of $60.00/hour.

37.     Plaintiff alleges that this extra, uncompensated and/or undercompensated time frequently totaled at least an additional seven (7) hours of work per day, if not more, that was not paid at the appropriate overtime rates.

38.     Now, as the result of Defendant's failure to pay all hours worked in excess of eight hours in a day or forty hours in a week, Plaintiff is entitled not only to her back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees, costs and other damages permissible under the FLSA and California labor laws.

39.     Such overtime violations were not limited to this particular pay period, but occurred regularly throughout Plaintiff's tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective and Class Action Members.

40.     On information and belief, Defendant's overtime pay policy or practice was uniformly and consistently applicable to all of its adjuster employees across the country. Moreover, Defendant's pay policy or practice caused inaccuracies in Plaintiff's and the putative Class and Collective Action Members' itemized wage statements.

41.     Defendant willfully did not pay Plaintiff and the putative Class and Collective Action Members the sums due as overtime wages at the time of their separation from employment with Defendant.

42.     Defendant either knew or should have known that Plaintiff was required to work significant overtime hours.

43.     Defendant intentionally and/or willfully failed to pay Plaintiff and the putative Class and Collective Action Members all wages owed in violation of the FLSA and relevant state laws.

## V.     FLSA CLAIMS FOR OVERTIME PAY

44.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.     FLSA Coverage

45.     All conditions precedent to this suit, if any, have been fulfilled.

46.     At all times relevant to this lawsuit, Defendant is/was eligible and a covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

47.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

48.     At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

49.     At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.      FLSA Allegations**

50.     The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid adjuster employees of Defendant at locations across the country.

51.     At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

52.     On information and belief, thousands of hourly-paid adjuster employees worked for Defendant in connection with its field inspections during the three years preceding the filing of this action.

53.     During the relevant time period, Plaintiff and the putative Collective Action Members worked in excess of eight hours in a day or forty hours in a week for which they were uncompensated and/or undercompensated.

54.     Defendant's requirement that Plaintiff work overtime hours without compensation violated the FLSA's overtime provisions. 29 U.S.C. § 207.

55.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action Members were required to complete in excess of eight hours in a day or forty hours in a week, Defendant has failed to keep accurate records pursuant to the foregoing requirements.

## C.     Collective Action Allegations

56.     Plaintiff seeks to bring her claims under the FLSA on behalf of herself and all other non-exempt, hourly-paid adjuster employees who were required to work in excess of eight hours in a day or forty hours in a week without proper overtime compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

57.     Plaintiff has actual knowledge that the putative Collective Action Members have been denied wages for all hours worked in each workweek.

58.     The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis to provide claims handling services on behalf of Defendant as employees, and not receiving overtime compensation for all hours worked in excess of eight hours in a day or forty hours in a week.

59.     Defendant's failure to pay overtime compensation in connection with mandatory hours worked in excess of eight hours in a day or forty hours in a week results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

60.     The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

61.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

62.     Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid adjuster employees who worked for Defendant nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring employees to work in excess of eight hours in a day or forty hours in a week without proper overtime compensation.

## VI.   CALIFORNIA STATE LAW CLAIMS

63.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.      Controlling California State Law and Allegations**

64.      California law requires payment of overtime wages to all non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

65.      Plaintiff and the putative California Class Members frequently worked in excess of eight hours in a day or forty hours in a week.

66.      Defendant's policy or practice of requiring that Plaintiff and the putative California Class Members work significant overtime hours, while being compensated only at the regular rate of pay for all overtime hours worked, resulted in a failure to pay all overtime wages owed under California State Law.

67.      California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

68.      Defendant's scheme to withhold payment for overtime hours worked and failure to reimburse necessary expenses resulted in retention of wages to be paid to Plaintiff and the putative California Class after their employment with Defendant ended.

69.     Because Plaintiff and the putative California Class were employees of Defendant, its retention of money owed to them after their employment with Defendant ended was a violation of California State Law.

70.     Furthermore, California Labor Code § 226(a) requires employers to furnish employees with itemized wage statements including, *inter alia*, an accurate depiction of all hours worked.

71.     Defendant's requirement that Plaintiff and the putative California Class work in excess of eight hours in a day or forty hours in a week without overtime pay resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

72.     Finally, California law requires that an employee be reimbursed for necessary expenditures utilized to perform work on behalf of the employer. Cal. Labor Code § 2802. Defendant failed to reimburse Plaintiff for estimated weekly expenses in the amount of $70.00 for office supplies, $50.00 for gas, $525.00 for food, and $25.00 for laundry.

**B.     Class Action Allegations**

73.     Plaintiff brings her claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

74.     Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable.

75.     Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.     Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations;

b.     Whether Defendant maintained a policy or practice of failing to pay the California Class for all hours worked in excess of eight hours in a day or forty hours in a week, in violation of California law and resulting in overtime violations;

c.     Whether Defendant maintained a policy or practice of failing to reimburse necessary expenditures incurred by employees as required by California law;

d.     Whether Defendant unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of California law;

e.     Whether Defendant's policy or practice of failing to pay the putative California Class all wages due immediately upon discharge violates California law;

f.     Whether Defendant's policy or practice of failing to pay the putative California Class all wages due within the time required by law after their employment ends violates California law; and

g.     The proper measure of damages sustained by the putative California Class.

76.     Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative California Class. Plaintiff, like other California Class Members, was subjected to

Defendant's policy or practice of refusing to pay overtime wages for all hours worked in excess of eight hours in a day or forty hours in a week and failure to comply with relevant state laws regarding reimbursable expenses in violation of California law. Plaintiff's job duties and claims are typical of those of the putative California Class.

77.     Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative California Class.

78.     Adequacy of counsel (FED. R. CIV. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of non-exempt employees asserting unpaid overtime wages claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative California Class.

79.     Class certification of the California State Law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to pay overtime wages for all hours worked in excess of eight hours in a day or forty hours in a week, and Defendant's refusal to comply with state law regarding reimbursable expenses in violation of California law.

80.     Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative

California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to compensate the putative California Class for overtime wages. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

81.    Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

82.    Plaintiff proposes that the three (3) classes to be certified be defined as:

All current and former non-exempt, hourly-paid adjuster employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were:

Denied overtime compensation for all hours worked over forty in each seven day workweek and whose wage statements were consequently inaccurate in violation of California Law (the putative "Unpaid Overtime Class Members");

Denied reimbursement for expenditures that were necessary to carry out job duties for Defendant (the putative "Unreimbursed Expenses Class Members"); and

Denied all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

83.    Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

## VII.   CAUSES OF ACTION

### 1.   First Claim for Relief—Violation of the FLSA

84.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

85.     The foregoing conduct, as alleged violated the FLSA.

86.     Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

87.     Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action Members, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

88.     Defendant failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of only compensating employees at their hourly regular rates of pay, regardless of the number of total hours worked in a seven-day workweek.

89.     Accordingly, Plaintiff and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § and 207.

90.     Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

91.     Plaintiff seeks all damages to which she is entitled under the FLSA, including her back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment

interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.      Second Claim for Relief—Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

92.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

93.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

94.     Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

95.     Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    a.     The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

    b.     California Labor Code § 1194, which provides in pertinent part:

    Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

c.     California Labor Code §§ 201-203, and 226;

d.     California Labor Code § 1174;

e.     California Labor Code § 2802; and

f.     California Labor Code § 510, which provides in relevant part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

96.     Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

97.     The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned overtime wages.

98.     Plaintiff, on behalf of herself and the putative California Class, seeks restitution in the amount of the respective overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

99.     Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

### 3.     Third Claim for Relief—California Overtime Violations, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 510, 1194

100.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

101.    California law requires an employer to pay overtime compensation to all non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

102.    California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all members of the putative California Unpaid Overtime Class where they provide greater protections to workers. 29 U.S.C. § 218(a).

103.    Throughout the time period relevant to this claim for relief, Plaintiff and the putative California Unpaid Overtime Class worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and the putative California Unpaid Overtime Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

104.   Defendant's policy or practice of requiring Plaintiff and the putative California Unpaid Overtime Class to work overtime hours but only be paid at their regular rates of pay resulted in violations of these overtime wage provisions.

105.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Unpaid Overtime Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### 4.   Fourth Claim for Relief—Failure to Reimburse for Necessary Expenditures; Cal. Labor Code § 2802

106.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

107.   At all times material to this Complaint, Plaintiff was required to travel to and from the insureds' properties to gather information and assess the property damage within her assigned area in Santa Barbara County, California. Plaintiff lodged at area hotels. Defendant required Plaintiff and the California Unreimbursed Expenses Class Members to provide their own office supplies and equipment throughout the course and scope of their employment.  Specifically, Defendant did not reimburse Plaintiff and the California Unreimbursed Expenses Class Members for the use of their cell phones, data plans, internet connections, email/domain fees, etc.; nor for the purchase of paper, printers, ink, office supplies, postage, envelopes, and other expenses that benefited Defendant, all of which were required to perform their jobs. Plaintiff incurred an estimated $70.00 per week on the aforementioned expenses which were not reimbursed.

Case No. 2:21-cv-07135
Original Complaint

108.    Plaintiff incurred meal expenses of approximately $525.00 per week. Plaintiff further incurred as expenses $50.00 in gas per week and $25.00 for laundry per week.

109.    At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

110.    As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the California Unreimbursed Expenses Class Members sustained actual and pecuniary damages.

111.    Plaintiff and the California Unreimbursed Expenses Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

112.    Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiff and the California Unreimbursed Expenses Class Members are entitled to said interest.

**5.      Fifth Claim for Relief—California Record-Keeping Provisions, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 226, 1174, &1174.5**

113.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

114.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the putative

California Unpaid Overtime Class Members in accordance with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to Plaintiff and the putative California Unpaid Overtime Class Members by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and the putative California Unpaid Overtime Class Members as required under California Labor Code § 1174(d).

115.    Plaintiff and the putative California Unpaid Overtime Class Members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(e) & 1174(d), and further seek the amount provided under Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### 6.    Sixth Claim for Relief—California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203

116.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

117.    California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

118.    Plaintiff and the putative California § 203 Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

119.    More than thirty days have passed since Plaintiff and the putative California § 203 Class Members left Defendant's employ.

120.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California § 203 Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## VIII.  JURY DEMAND

121.    Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which she and the putative Collective and California Class Action Members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

122.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective and Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.    An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

c.    Designation of Plaintiff Patricia Bobbs as a Representative of the California Class Action Members;

d.      Designation of attorneys Ricardo J. Prieto and Melinda Arbuckle of Shellist Lazarz Slobin, LLP, as Class Counsel for the Nationwide FLSA Collective Action and the California Class Action Members;

e.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;

f.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.      An award of damages including all unpaid overtime compensation for all hours worked over forty in a workweek, or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek;

h.      Appropriate statutory penalties;

i.      Costs of action incurred herein, including expert fees;

j.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.      Pre-judgment and post-judgment interest, as provided by law; and

l.      Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: September 3, 2021

Respectfully submitted,

By:    */s/Melinda Arbuckle*
        Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff and Proposed Class and
Collective Action Members*